**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

OTU A. OBOT,

      Plaintiff,

      v.

VERIZON COMMUNICATIONS,

      Defendant.
_____

16-CV-894-A
**DECISION AND ORDER**

This case is before the Court on the Defendant's motion to dismiss the *pro se* complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons stated below, the Court grants the Defendant's motion to dismiss for lack of subject-matter jurisdiction and grants the Plaintiff leave to file an amended complaint within 30 days of the date of this Decision and Order.

## BACKGROUND

Liberally construed, the complaint seeks $392,722.82 in damages based on the allegation that the Defendant "disabled plaintiff's telephone line and used that window of opportunity to gain entrance to plaintiff's home under the guise of making repairs to telephone wirings, to covertly install FIOS cable equipment without [the Plaintiff's] knowledge, permission or consent." Docket No. 1 ¶ 5. The Plaintiff makes a variety of claims based on this allegation, most of which suggest that the Plaintiff has suffered mental anguish as a result of the Defendant's actions and that his monthly bill from the Defendant has increased.

**DISCUSSION**

**A. The Court lacks subject-matter jurisdiction over this case**

The complaint—even when liberally construed given the Plaintiff's *pro se* status—does not plausibly allege that the Court has subject-matter jurisdiction over this case.

First, nothing in the complaint plausibly suggests that the Plaintiff's allegations, if true, would state a federal question. *See* 28 U.S.C. § 1331. To the contrary, the complaint appears to only allege, as the Defendant puts it, a "routine billing dispute"—not a violation of federal law. Docket No. 10-1 at 7. The complaint's citations to several jurisdiction-conferring statutes do not change this. The Court's assessment of whether federal question jurisdiction exists must "be found from 'what necessarily appears in the plaintiff's statement of his own claim.'" *W. 14th St. Comm. Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir. 1987) (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)) (ellipsis omitted). In other words, the complaint's factual allegations must establish that federal question jurisdiction exists. The allegations in this case do not do so.

Second, the complaint does not plausibly allege that the Court has diversity jurisdiction over this case. *See* 28 U.S.C. § 1332. Rather, the complaint states that the Plaintiff "is a resident of the Town of Amherst, County of Erie, State of New York," and it alleges that the Defendant "is a telecommunications utility company with its regional place of business located at 65 Franklin Street, Buffalo, New York." Complaint ¶ 2. In other words, the complaint alleges that both the Plaintiff and the Defendant are citizens of New York State.[1] The Plaintiff has, thus, not met his burden of establishing that there is

---

[1] If the Defendant is a corporation, it is, for diversity jurisdiction purposes, a citizen of the state or states in which (1) it is incorporated, and/or (2) "it has its principal place of business." 28 U.S.C. § 1332(c)(1).

diversity between the parties, and he has therefore not shown that the Court has diversity jurisdiction over this case. *See Herrick Co., Inc. v. SCS Comm'cs, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) ("[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.") (quotation marks omitted).

Third and finally, no other basis for subject-matter jurisdiction is apparent from the face of the complaint. Although the Plaintiff is proceeding *pro se*, he must still "establish subject matter jurisdiction to proceed in federal court." *Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015) (quotation marks omitted). Because the Plaintiff has not done so, his complaint must be dismissed.

### B. Whether the Plaintiff should be given leave to amend

A court typically "should not dismiss" a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks and citation omitted). However, if "the problem" with a complaint is "substantive," such that "better pleading will not cure it," "[r]epleading would . . . be futile," and a *pro se* plaintiff need not be provided leave to amend. *Id.*

Dismissal for lack of subject-matter jurisdiction is often the type of dismissal for which "repleading would . . . be futile." Indeed, it is difficult to see how a liberal reading of the complaint in this case might establish subject-matter jurisdiction. However, out of an abundance of caution given the Plaintiff's *pro se* status, the Court will grant the Plaintiff leave to amend his complaint. *See Naughton v. Naughton*, No. 11-CV-2865(SLT)(LB), 2011 WL 3701972, at *3 (E.D.N.Y. Aug. 23, 2011) (granting *pro se* plaintiff leave to amend

3

following dismissal for lack of subject-matter jurisdiction, even though "Plaintiffs have not directly asserted, or suggested through facts in their complaint, any other basis for federal question jurisdiction"). Within 30 days of the date of this Decision and Order, the Plaintiff may file an amended complaint that addresses the deficiencies identified in this Decision and Order. The Defendant need not respond to the amended complaint unless and until the Court directs the Defendant to so. If the Plaintiff fails to file an amended complaint within 30 days of the date of this Decision and Order, the Clerk of Court is directed to close this case and enter judgment for the Defendant without further order of the Court.

## CONCLUSION

For the reasons stated above, the Defendant's motion to dismiss for lack of subject-matter jurisdiction (Docket No. 10) is granted. The Plaintiff may file an amended complaint within 30 days of the date of this Decision and Order.

**SO ORDERED.**


Dated: March 6, 2018                                 _s/Richard J. Arcara_
    Buffalo, New York                     HONORABLE RICHARD J. ARCARA
                                                      UNITED STATES DISTRICT JUDGE